IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DUSTIN HALSTEAD,

Plaintiff/Counterclaim Defendant,

v.

CARPET TECH, INC.,

Defendant/Counterclaim Plaintiff,

**8:26CV272**

**MEMORANDUM AND ORDER**

This declaratory-judgment action was originally filed by plaintiff/counterclaim defendant Dustin Halstead ("Halstead") (Filing No. 1-2). He seeks to set up a competing business with Carpet Tech, Inc. ("Carpet Tech"), his previous employer. In that original action, Halstead claims that any contractual provisions that he agreed to limit his ability to compete and are unenforceable under Nebraska law.

This matter is before the Court on defendant/counterclaim plaintiff Carpet Tech's Motion for Temporary Restraining Order (Filing No. 20). Carpet Tech also seeks expedited discovery (Filing No. 22) purportedly to support its request for a preliminary injunction.

In response, Carpet Tech first filed a Motion to Dismiss (Filing No. 10) alternatively seeking dismissal of the declaratory-judgment action as premature and, if not dismissed, seeking transfer of the matter to the District of Tennessee in Memphis, to which Halstead contractually agreed. Carpet Tech opines that Halstead filed this declaratory-judgment action to avoid the adjudication in Tennessee. As of this date, Halstead has not responded to the Motion to Dismiss even though the response is past due. Halstead did file an Amended Complaint (Filing No. 16), to dismiss/transfer but does not address the contractual venue issues raised by Carpet Tech. This motion remains pending.

On August 3, 2026, Carpet Tech filed an Answer to the Amended Complaint (Filing No. 19) which contained various counterclaims. Following the filing of that Answer and Counterclaim, Carpet Tech filed the motions now before the Court seeking a temporary restraining order and expedited discovery (Filing Nos. 20 and 22).

Federal Rule of Civil Procedure 65(b) authorizes the Court to grant temporary injunctive relief to a party without written or oral notice where the moving party sets forth "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition." In addition, Rule 65(b)(1)(B) requires that the movant's attorney certify in writing its efforts made to give notice and the reasons why notice should not be required.

While Carpet Tech has filed a verified counterclaim, the procedural posture of this case takes it outside of the parameters of Rule 65(b). By its very nature, the filing of a counterclaim assumes notice is given (or at least is possible) to the non-moving party and, in this case, undercuts the need for temporary relief.

Without delving into the standards required for any injunctive relief under Rule 65(a) or *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981), the Court denies the Motion for Temporary Restraining order on procedural grounds.

Carpet Tech's separate Motion for Expedited Discovery makes it clear that it is seeking information with which to determine whether Halstead is in violation of contractual terms or has violated Nebraska statutory or common law. The Motion for Expedited Discovery and motion seeking transfer of the matter to the District of Tennessee will be dealt with in due course by the assigned magistrate judge.

Based on the foregoing, Carpet Tech's Motion for Temporary Restraining Order (Filing No. 20) is denied.

IT IS SO ORDERED.

Dated this 12th day of August 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge